```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
GLEN KAISER,
                         Plaintiff,                    06-CV-6640

        v.                                             DECISION
                                                       and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security
                         Defendant.
_____
```

## INTRODUCTION

Plaintiff Glen Kaiser ("Kaiser") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C § 401 et. seq.) (the "Act") claiming that the Commissioner improperly denied his application for disability benefits.[1] Specifically, Kaiser alleges that the decision of the Administrative Law Judge ("ALJ") was erroneous and not supported by the substantial evidence contained in the record or the applicable law.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Kaiser opposes the defendant's motion and seeks reversal of the decision or, in the alternative, remand to the Commissioner for further development and consideration of the record. Because the court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted in favor of the defendant.

---

[1]This case (formerly civil case 04-CV-0474 ) was transferred to the Hon. Charles J. Siragusa by the Honorable Richard J. Arcara, Chief Judge,United States District Court for the Western District of New York by Order dated December 22, 2006. This case was subsequently reassigned to the undersigned on January 22, 2007.

**BACKGROUND**

On August 20, 2002, plaintiff Glenn Kaiser, then aged 45 years old, applied for disability insurance and Social Security Income benefits alleging disability since July 24, 2002 due to diabetes, obesity, hypertension, breathing problems, and osteoarthritic knees.[2] Kaiser's applications were denied initially on January 16, 2003 and again on reconsideration. Thereafter, Kaiser requested an administrative hearing before an ALJ, which took place on March 30, 2004, at which hearing plaintiff was represented by an attorney. In a decision dated April 21, 2004, the ALJ found that although plaintiff's diabetes, osteoarthritis, and obesity were "severe," the plaintiff was not under a disability as defined by 42 U.S.C. § 423(d) or 20 C.F.R. 404.1501 et seq. (1994) (listing specific impairments that constitute a disability under the Act). Plaintiff's appeal of the ALJ's decision to the Appeals Council resulted in the May 27, 2004 denial of Kaiser's request for review, thus making the ALJ's decision the final decision of the Commissioner. On June 25, 2004 plaintiff filed this action.

**DISCUSSION**

**I. Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in

---

[2]There is discrepancy as to the exact filing date. Forms signed by plaintiff indicate July 16, 1998. T. 506. However, Social Security documents record the filing date as July 9, 1998. T. 508.

the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo).

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## II. **The ALJ's decision to deny plaintiff benefits was supported by substantial evidence on the record**.

The ALJ made the determination based on the evidence before him that plaintiff, at any time through the date of the decision, did not suffer from a disability under the Social Security Act.[3] T. 17. Specifically, the ALJ found that while plaintiff suffered from diabetes, osteoarthritis, and obesity, none of these conditions,

---

[3] A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d) (1991).

either individually or combined, constituted an impairment under 20 C.F.R. 404.1501 et seq. T. 16-17.

The ALJ found that plaintiff had severe obesity resulting in some pulmonary limitations and a musculoskeletal impairment. The ALJ did not include hypertension as a severe impairment. Evidence in the record supports the ALJ's finding that plaintiff's hypertension was not severe and therefore not disabling within the meaning of the Act. Medical reports indicate that plaintiff's hypertension was consistently under "excellent control." T. 93-94, 125-26. More importantly, plaintiff presented no medical evidence showing that his hypertension significantly limited his ability to do basic work activities. See 20 C.F.R. §§ 404.1521 and 416.921.

In addition, evidence in the record reveals that plaintiff's diabetes was not disabling within the meaning of the regulations. In order for diabetes to be considered a disability under the Act, there must be evidence of acidosis, neuropathy, or retinitis proliferans. See 20 C.F.R. Part 404, Subpart P, App. 1, § 9.08. No such evidence is found in the record. Indeed, Dr. Kowalski, who examined plaintiff consultatively for the Social Security Administration, noted that plaintiff's blood sugars ranged from 140-165 and averaged around 150. T.123-24. Moreover, the data regarding plaintiff's osteoarthritis also lacks evidence of characteristics which would qualify it as being disabling. Plaintiff's osteoarthritis does not meet the SSA listing of impairments description of musculoskeletal disorders requiring "an extreme limitation of the ability to walk" or a "gross anatomical

deformity." See 20 C.F.R. Part 404, Subpart P, App. 1, §1.00(B)(2)(b)(1); §1.02.

Further, Dr. Kowalski reported that x-rays showed only mild arthritis of left knee and slight degenerative changes in right hip. T. 128-29. Dr. Kowalski also found that plaintiff could lift 30 pounds, had complete range of motion for shoulders, elbows, wrists and that there was no evidence of back, shoulder or neck impairment. T. 125-26. Finally, Dr. Kowalski observed that Kaiser was able to get on and off the examining table without assistance and further concluded that plaintiff had no limitations on sitting. T. 125-26.

In addition, plaintiff's treating physician, Dr. Glick, as well as Dr. Kowalski did not find that Kaiser had a medically determinable pulmonary impairment. Dr. Kowalski's examination showed no evidence of any specific pulmonary disease, plaintiff was not short of breath and his breathing disorder was not apparent during the interview. T. 124. Plaintiff achieved 87%-89% of normal on pulmonary testing, without using a bronchodilator. T. 130-33. Both Dr. Kowalski and Dr Glick did find that plaintiff's obesity limited his pulmonary functioning. T. 14, 126. Dr. Glick, reported Kaiser experienced problems only on exertion and inhalation of cold air. T. 94. Dr. Kowalski instructed Kaiser to avoid an environment with numerous pulmonary pollutants. T. 126. The impact of these limitations on plaintiff's ability to find employment, however, is minimal since most job environments do not have numerous pulmonary pollutants nor require breathing cold air.

Dr. Kowalski prepared a "medical source statement," which considered plaintiff's impairments in combination[4] and concluded that the combination of plaintiff's impairments were "only mildly" disabling and that plaintiff should lift no more than 30 pounds on a regular basis, avoid aerobic activity and prolonged standing or walking for more than one hour in an eight-hour work day, was limited to walking more than 100 feet at a time. T. 126. Other than these limitations, Dr. Kowalski found no other "specific limitations."

While the ALJ found the plaintiff unable to lift heavy objects, or stand or walk for prolonged periods of time, the ALJ did find that plaintiff had the residual functional capacity to lift and carry ten pounds, sit for at least six to eight hours in an eight hour workday, and stand or walk occasionally during an eight hour workday. T. 16. In addition, the ALJ found that Kaiser's medically determinable impairments did not prevent him from performing his past relevant work as a police dispatcher. T. 17. This court finds that the ALJ properly relied on the limitations imposed by the combination of plaintiff's impairments reported by Dr. Kowalski, to find that plaintiff was capable of performing his past relevant work. T. 14.[5] Since plaintiff's past work required only sitting, he could do his past relevant work

---

[4] Diabetes without apparent sequella, mild osteoarthritis secondary to obesity, which mildly limited plaintiff's ability to function, hypertension under excellent control with medications, breathing disorder not apparent during examination and gross obesity contributing to plaintiff's diabetes, hypertension, osteoarthritis and breathing impairments. T. 126.

[5] A claimant is not disabled at step four of the five step sequential disability evaluation process, if he has the residual functional capacity to meet the physical and mental requirements of his past relevant work "either as the claimant actually performed it or as generally performed in the national economy." See 20 C.F.R. §§ 404.1520(e) and 416.920(e) and 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2).

despite the limitations resulting from all his impairments. Finally, plaintiff's own testimony indicates that he was capable of reading the paper, working puzzles, and driving a car. T. 80, 157, 161-62. Accordingly, plaintiff did not carry his burden to show that he could not perform his past relevant work. See 42 U.S.C. §§ 423(d)(A) and 1382c(a)(3)(B); see also Melville v. Apfel, 198 F.3d 45, 51 (2d Cir. 1999) ("the claimant must show that [he] cannot perform [his] former relevant work"). I find the ALJ's opinion to be thorough, well reasoned, and supported by substantial evidence contained in the record.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                          S/Michael A. Telesca
                                            MICHAEL A. TELESCA
                                      United States District Judge

Dated:   Rochester, New York
        May 7, 2007